**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>2901 W Dakota St., Tucson, AZ,<br><br>　　　　　Defendant. | No. CV-23-00219-TUC-JCH<br><br>**WRIT OF ENTRY** |

On May 9, 2023, the United States filed a verified Complaint for Forfeiture *in Rem*. Doc. 1. Before the Court is the government's Motion for Writ of Entry. Doc. 5. Specifically, the government moves for a Writ of Entry, under U.S.C. §§ 983(j) and 985(b), for the purpose of inspecting and appraising the Defendant Property located at 2901 West Dakota Street, Tucson, Arizona. Doc. 5 at 1. The Defendant Property's legal description is:

> LOT 160 OF MANZANITA TERRACE, A SUBDIVISION OF PIMA COUNTY, ARIZONA, ACCORDING TO THE MAP OR PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF PIMA COUNTY, ARIZONA, IN BOOK 24 OF MAPS AND PLATS AT PAGE 8; EXCEPT ALL COAL AND OTHER MINERALS AS RESERVED IN THE PATENT FROM THE UNITED STATES OF AMERICA

Doc. 1 at 2.

The United States asserts that issuance of such a writ is authorized by 18 U.S.C. §§ 983(j) and 985(b)(2). *See* Doc. 5. Section 983(j)(1), applicable to civil forfeiture proceedings, authorizes a court to "appoint ... appraisers ... or take any other action to ... secure, maintain, or preserve the availability of property subject to civil forfeiture (A) upon

the filing of a civil forfeiture complaint alleging that the property with respect to which the order is sought is subject to civil forfeiture." 18 U.S.C. §§ 983(j)(1). While the section does not expressly mention writs of entry, such writs may protect the plaintiff's interest in the property by creating a disincentive for owners to harm, or skim fixtures from, the property. *See generally* 18 U.S.C. § 2232(a) (making it a felony to knowingly damage or waste property subject to forfeiture); *see also* 18 U.S.C. § 2232(b) (prohibiting any action that would impair the Court's *in rem* jurisdiction over property that is subject to forfeiture).

The government submits that a writ is necessary for the purpose of conducting an inspection and inventory of the property, including by means of still and video photography. Doc. 5 at 2. According to the government, "[w]ithout such an inspection, it will be difficult to "secure, maintain or preserve the availability of property that is subject to forfeiture pursuant to the complaint. Additionally, absent such an inspection, there will not be any accurate record of the property's condition, should any disputes concerning its condition or preservation arise." *Id.* (internal quotations omitted). As to notice, Section 983(j)(1)(B) requires *inter alia* notice to, and an opportunity to be heard by, persons appearing to have an interest in the property. The statute does not impose these requirements if the order is issued after the Complaint is filed. *Id.* § 985(j)(1)(A). Thus, the Court will grant the motion.[1]

Accordingly,

///
///
///
///
///
///
///

---

[1] 18 U.S.C.§ 985(b)(2) provides "[t]he filing of a *lis pendens* and the execution of a writ of entry for the purpose of conducting an inspection and inventory of the property shall not be considered a seizure under this subsection."

**IT IS ORDERED GRANTING** the government's Motion for Writ of Entry (Doc. 5). **IT IS FURTHER ORDERED** that the Drug Enforcement Administration ("DEA"), United States Marshals Service ("USMS"), or their designee or authorized contractor (collectively the "Government") are hereby authorized:

1. to enter the Defendant Property, including any structures, on one or more occasions during the pendency of this in rem forfeiture action against the Defendant Property, for the purpose of conducting an inspection and inventory and appraisal of Defendant Property, and

2. to be accompanied on any such occasion by any appraiser(s) selected by it for the purpose of appraising the condition and value of the Defendant Property pursuant to 18 U.S.C. § 985(b)(2), 18 U.S.C. § 983(j), and 19 U.S.C. § 1606, which appraisal may include, among other means, still and video photography, and

3. to be accompanied on any such occasion by any Government and contract personnel selected by it for the purpose of conducting an inspection and inventory of Defendant Property, which inspection and inventory may include, among other means, still and video photography, and

4. to be accompanied on any such occasion by any federal, state, and local law enforcement officers selected by it to ensure the safety of personnel acting under this Writ of Entry.

Any interference with anyone acting under the authority of this Writ of Entry shall be deemed a violation of a Court order and may be punished as a contempt, as a violation of 18 U.S.C. § 2232 prohibiting the impairment of *in rem* jurisdiction, or otherwise as provided by law.

Dated this 15th day of May, 2023.

Honorable John C. Hinderaker
United States District Judge